UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARTIN GONZALEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. |
| | ) | |
| VILLAGE OF HANOVER PARK, | ) | |
| a municipal corporation, | ) | TRIAL BY JURY DEMANDED |
| OFFICER TIMOTHY ALLEN, | ) | |
| OFFICER MARCO PARDUCCI, | ) | |
| Hanover Park Police Officers, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

NOW COMES the Plaintiff, Martin Gonzalez, by and through his attorney, JONATHAN D. FELDMAN, and complains against Defendants Village of Hanover Park, and Officer Timothy Allen, and Officer Marco Parducci, Hanover Park Police Officers (collectively "Defendant Officers"), stating the following:

### JURISDICTION AND VENUE

1. This incident occurred on or about September 14, 2019, in Cook County, Illinois.

2. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. §§ 1983 and 1988, and 28 U.S.C. §§ 1331 and 1343(a); the Constitution of the United States; and pendant jurisdiction, as provided by 28 U.S.C. § 1367(a).

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within this District.

**PARTIES**

4. The Plaintiff, Martin Gonzalez, is a resident of South Elgin, Illinois.

5. The Defendant Village of Hanover Park ("Defendant Village") is a municipal corporation which is located in Cook County, Illinois, and at all times relevant to this Complaint, was the employer of the Defendant Officers Timothy Allen and Marco Parducci.

**FACTS**

6. On September 14, 2019, Defendant Officers were part of a special detail for an event at St. Ansgar Catholic Church, located at 2040 Laurel Avenue, in Hanover Park.

7. At approximately 10:30 p.m., Martin Gonzalez was being physically assaulted by two men in the driveway of 2163 Laurel Avenue.

8. As Defendant Officers Allen and Parducci approached the two men physically assaulting Martin Gonzalez ran away.

9. Defendant Officers Allen and Parducci forcibly knocked Martin Gonzalez to the ground by grabbing his upper body and hands.

10. While Martin Gonzalez was lying on the ground in a defenseless position with his arms under his chest, Defendant Officer Allen repeatedly punched Martin Gonzalez in the upper body and head.

11. While Martin Gonzalez was lying on the ground in a defenseless position with his arms under his chest, Defendant Officer Allen kneed Martin Gonzalez in his left thigh.

12. Defendant Officer Parducci failed to intervene at any time to prevent excessive force by Defendant Officer Allen against Plaintiff.

13. Martin Gonzalez was searched and Mr. Gonzalez did not possess any weapons or contraband.

14. Defendant Officers arrested Martin Gonzalez without probable cause and he was taken to the Hanover Park police station.

15. The Defendant Officers, acting maliciously, then authored reports which caused Martin Gonzalez to be prosecuted without probable cause for resisting arrest.

16. Each of the Defendant Officers played a substantial role in the prosecution of Martin Gonzalez, causing him to be prosecuted without probable cause for resisting arrest.

17. Defendant Officer Parducci failed to mention in his report that Officer Allen repeatedly punched Martin Gonzalez in the upper body and head while Mr. Gonzalez was lying on the ground in a defenseless position.

18. Defendant Officer Parducci failed to mention in his report that Officer Allen kneed Martin Gonzalez in the upper thigh while Mr. Gonzalez was lying on the ground in a defenseless position.

19. The Plaintiff suffered injuries, including physical and mental pain and suffering and pecuniary damages, including medical bills and attorneys' fees, as the proximate result of the actions of the Defendants.

### COUNT I - 42 U.S.C. § 1983 Excessive Force

(Plaintiff v. Defendants Allen and Parducci)

20. Plaintiff re alleges what has been previously alleged in this complaint.

21. The actions of Defendants Allen and Parducci in using unreasonable force against the Plaintiff, without legal justification, violated the Plaintiff's rights under the Fourth

Amendment to the United States Constitution to be secure in their persons, houses, papers and effects against unreasonable searches and seizures and this violated 42 U.S.C. § 1983.

22. As the proximate result of all the aforementioned actions by Defendants Allen and Parducci. Plaintiff suffered severe physical pain and Plaintiff suffered severe emotional distress.

## COUNT II - 42. U.S.C. § 1983 Failure to Intervene

(Plaintiff v. Defendant Parducci)

23. Plaintiff re alleges what has previously been alleged in this complaint. The actions of Defendant Parducci in failing to intervene to prevent Defendant Allen from using excessive force violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in their persons, houses, papers and effects against unreasonable searches and seizures and this violated 42 U.S.C. § 1983.

24. As the proximate result of the aforementioned failure to intervene by Defendant Parducci, Plaintiff suffered severe physical pain and severe emotional distress.

## COUNT III - 42 U.S.C. § 1983 False Arrest

(Plaintiff v. Defendants Allen and Parducci)

25. Plaintiff re alleges what has been previously alleged in this complaint.

26. The actions of Defendants Allen and Parducci in falsely arresting the Plaintiff without legal justification violated the Plaintiff's rights under the Fourth Amendment to the United States Constitution to be secure in their persons, houses, papers and effects against unreasonable searches and seizures and this violated 42 U.S.C. § 1983.

27. As the proximate result of all the aforementioned actions by Defendants Allen and Parducci. Plaintiff suffered severe physical pain and Plaintiff suffered severe emotional distress.

### COUNT III - Illinois State Law Claim of Battery

(Plaintiff v. Defendants Allen and Parducci)

28. Plaintiff re alleges what has been previously alleged in this complaint.

29. In taking the actions described above, Defendant Allen and Parducci willfully and wantonly committed a battery on Plaintiff, without legal justification.

30. In taking these Actions, Defendants Allen and Parducci acted within the course and scope of his employment with Defendant Village of Hanover Park and thus the Defendant Village of Hanover Park is liable based on the theory of *respondeat superior*.

31. As a result of the actions described in this complaint, Plaintiff suffered damages described more fully above.

### COUNT IV - Indemnification

32. The Plaintiff seeks indemnification from the Defendant Village of Hanover Park for any judgment obtained against the Defendant Officers, as all actions described herein were taken while under the color of law and in the course of their employment with the municipality.

WHEREFORE, the Plaintiff seeks compensatory damages for his injuries, as well as punitive damages against the Defendant Officers, and attorney's fees, as well as the costs of prosecuting this action, and any other further relief as this Court deems just and appropriate.

**The Plaintiff Demands A Trial By Jury**

Respectfully submitted,

5

/s/ Jonathan D. Feldman
Attorney for the Plaintiff
Martin Gonzalez

Jonathan D. Feldman
70 E. Lake Street
Suite 1220
Chicago, IL 60601
(312) 952-5172

6